| | |
|---|---|
| STATE OF MAINE<br>PENOBSCOT, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. _____ |

DAVID AKO-ANNAN, a resident of  ]
Milford, County of Penobscot and State  ]
of Maine,  ]
                                    ]
            PLAINITFF        ]
                                    ]
v.                                          ]    COMPLAINT
                                    ]
EASTERN MAINE MEDICAL  ]
CENTER, a Maine nonprofit corporation ]
with a place of business in Brewer,  ]
County of Penobscot and State of Maine, ]
                                    ]
           DEFENDANT       ]

      Plaintiff David Ako-Annan, through his attorney, Brett D. Baber, submits the following complaint against Defendant Eastern Maine Medical Center as follows:

## BACKGROUND

1. Plaintiff David Ako-Annan is a resident of Milford, County of Penobscot and State of Maine.

2. Defendant Eastern Maine Medical Center is a non-profit corporation that operates a hospital and five primary care practices including a practice in Orono, Maine.

3. Plaintiff is an African-American male who was born in Ghana, West-Africa.

4. While Plaintiff pursued his collegiate education, he interned at Eastern Maine Medical Center.

5. During Plaintiff's internship in the spring of 2013 at the Defendant's system office in Brewer, Plaintiff experienced racial discrimination from two of his co-workers.

1

6. Plaintiff reported the discrimination in April or May of that year to his director as well as to Human Resources, but nothing was done to address the problem at that time.

7. Plaintiff later found out that a co-worker whose initials are L.R. supported his claim of discrimination.

8. Upon information and belief, L.R. was terminated by Eastern Maine Medical Center and subsequently filed a claim of retaliation with the MHRC and/or the judicial system.

9. In April, 2018, Plaintiff was contacted by L.R.'s attorney and he was interviewed by her attorney.

10. After becoming employed as the office manager for Defendant's Orono family practice clinic, Plaintiff was interviewed on two occasions by EMHS corporate attorneys regarding L.R.'s charge of discrimination during which Plaintiff recounted his experiences that led to his initial charge of discrimination.

11. Following the interviews, Plaintiff began to be very closely scrutinized by his supervisor and the physician who oversaw the Orono clinical practice.

12. Plaintiff's supervisor, a female, began to question Plaintiff's need to be out of the office, believing that Plaintiff was speaking with corporate counsel about her.

13. Beginning in the first quarter of 2016, Plaintiff's supervisor held Plaintiff to very different standards than the practice managers at the other EMMC clinics, who were all female.

14. The supervisor discriminated against Plaintiff because of his race and his gender through the following:

    a) questioning Plaintiff's intelligence;

    b) suggesting that Plaintiff should look for other work;

2

c) making racially insensitive remarks to Plaintiff when he questioned her motives;

d) failing to provide management support to Plaintiff;

e) forcing the Plaintiff to implement EMMC policy changes without sufficient training, staff or other resources;

f) blaming Plaintiff for improper implementation of EMMC policies;

g) spending more time at the other practices that were run by women managers;

h) socializing with women inside the Orono practice but not with Plaintiff;

i) by interrogating Plaintiff during the rare meetings, rather than working in a collaborative manner;

j) facilitating "drama" within the Orono staff;

k) refusing Plaintiff's efforts to properly manage the patient loads of the facilities providers;

l) diverting medical staff Plaintiff had recruited to the Orono clinic to other facilities;

m) failing to appoint assistant staff to Plaintiff that were customary in other EMMC clinics;

n) failing to support Plaintiff when he tried to engage in staff discipline; and

o) informing Plaintiff that he had to apply staff rules for female professionals differently.

15. Plaintiff filed an internal complaint of race discrimination against his supervisor which Defendant ignored, but instead issued a disciplinary warning to Plaintiff.

3

16. During his tenure, Plaintiff engaged in conduct protected by the Maine Whistleblower Protection Act and the Maine Human Rights Act by:

   a) Filing a discrimination complaint in 2016;

   b) Filing an internal complaint against his supervisor for race discrimination;

   c) Assisting another former employee of EMMC in her complaint of retaliation against EMMC; and

   d) By informing his supervisor about concerns Plaintiff had that a recently hired medical provider was writing inappropriate prescriptions for narcotics; ~~by~~ prescribing narcotics to a person who was suspected of diverting narcotics for sale; ~~for~~ using medical assistants outside the scope of their practice; and falsifying FMLA leave for his staff which impacted sound patient care.

17. After Plaintiff raised the concerns described in paragraph 16, Plaintiff was abruptly terminated without just cause.

18. Plaintiff filed a timely charge of discrimination with the Maine Human Rights Commission and the Equal Opportunity Commission which have granted or will grant Plaintiff the authority to proceed with this civil action.

## COUNT I – RETALIATION

19. Plaintiff incorporates the allegations in paragraphs 1-18 by reference.

20. Defendant has violated the anti-retaliation provisions of 42 U.S.C. § 2000e-3(a) and 5 M.R.S. § 4633 through its efforts to intimidate Plaintiff after he assisted in the investigation of the retaliation complaint of L.R. and by subsequently terminating his employment.

Wherefore Plaintiff David Ako-Annan requests the court to enter judgment in his favor against Defendant Eastern Maine Medical Center for the following legal and equitable relief:

4

    a.    Enter a permanent injunction prohibiting Defendant Eastern Maine Medical Center from further violations of Title VII of the Federal Civil Rights Act and the Maine Human Rights Act;

    b.    By awarding back pay or front pay;

    c.    By awarding compensatory damages up to the limits available under Title VII of the Federal Civil Rights Act and Maine Human Rights Act or nominal damages;

    d.    By awarding punitive damages;

    e.    By awarding attorney's fees and costs; and

    f.    By awarding such further legal and equitable relief that the court deems just.

## COUNT II -- RACE AND SEX DISCRIMINATION

21.    Plaintiff incorporates paragraphs 1-18 by reference.

22.    Defendant, through its supervisory personnel engaged in race and sex discrimination which created a hostile work environment in violation of Title VII of the Federal Civil Rights Act and the Maine Human Right Act for the reasons described in paragraphs 13-15 of this complaint.

23.    Defendant engaged in race and sex discrimination in violation of Title VII of the federal Civil Rights Act and the Maine Human Right Act when it terminated Plaintiff.

Wherefore Plaintiff David Ako-Annan requests the court to enter judgment in his favor against Defendant Eastern Maine Medical Center for the following legal and equitable relief:

    a.    Enter a permanent injunction prohibiting Defendant Eastern Maine Medical Center from further violations of Title VII of the Federal Civil Rights Act and the Maine Human Rights Act;

    b.    By awarding back pay or front pay;

  c. By awarding compensatory damages up to the limits available under Title VII of the Federal Civil Rights Act and Maine Human Rights Act or nominal damages;

  d. By awarding punitive damages;

  e. By awarding attorney's fees and costs; and

  f. By awarding such further legal and equitable relief that the court deems just.

## COUNT III – WHISTLEBLOWER RETALIATION

24. Plaintiff incorporates the allegations in paragraphs 1-18 by reference.

25. Plaintiff engaged in protected conduct within the meaning of the Maine Whistleblower Protection Act when he informed his supervisor about concerns Plaintiff had that a recently hired medical provider was writing inappropriate prescriptions for narcotics; ~~by~~ prescribing narcotics to a person who was suspected of diverting narcotics for sale; ~~for~~ using medical assistants outside the scope of their practice; and ~~by~~ falsifying FMLA leave for his staff which impacted sound patient care.

26. Defendant violated the Maine Whistleblower Protection Act when it terminated Plaintiff.

  Wherefore Plaintiff David Ako-Annan requests the court to enter judgment in his favor against Defendant Eastern Maine Medical Center for the following legal and equitable relief:

  a. Enter a permanent injunction prohibiting Defendant Eastern Maine Medical Center from further violations of The Maine Whistleblower Protection Act and the Maine Human Rights Act;

  b. By awarding back pay or front pay;

  c. By awarding compensatory damages up to the limits available under the Maine Human Rights Act or nominal damages;

6

d.  By awarding punitive damages;

e.  By awarding attorney's fees and costs; and

f.  By awarding such further legal and equitable relief that the court deems just.


Dated: October   , 2019

_____
Brett D. Baber, Esq., Bar No. 3143
Lanham Blackwell & Baber, P.A.
Attorneys for Plaintiff David Ako-Annan
133 Broadway, Bangor, ME  04401
(207) 942-2898
bbaber@lanhamblackwell.com

7