UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID AKO-ANNAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00544-JCN |
| | ) | |
| EASTERN MAINE MEDICAL CENTER, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO CHANGE VENUE OR TO EXPAND VENIRE TO CUMBERLAND COUNTY**

Plaintiff asks the Court to relocate the trial in this matter from Bangor to Portland. (Motion, ECF No. 108.) Plaintiff maintains that because his wrongful termination of employment claim is based in part on racial discrimination, relocation is necessary to enhance the likelihood of securing a jury free of racial bias. (Motion at 5.) Defendant opposes the request. (Response, ECF No. 118.) After consideration of the parties' arguments, the Court denies Plaintiff's motion.

**DISCUSSION**

Plaintiff's request for transfer is governed by 28 U.S.C. § 1404(b), which provides in relevant part: "Upon motion, … any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). Absent a forum-selection agreement that provides for trial in the movant's preferred

forum,[1] the moving party bears the burden of demonstrating the appropriateness of the proposed relocation. *Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 212 (D. Me. 2011); *see also Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 583 (2013) (party acting in violation of forum-selection clause bears the burden). In the exercise of its discretion to transfer a case, a court must consider both private and public interests. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (assessing whether transfer to another district was warranted pursuant to 28 U.S.C. § 1404(a)).

"Private factors include the statutory considerations of convenience of the parties and witnesses, but also often include the plaintiff's forum preference, where the claim arose, and the relative ease of access to sources of proof." *Johnson*, 767 F. Supp. 2d at 212 (internal quotation marks omitted) (discussing the propriety of a transfer under 28 U.S.C. § 1404(a) rather than § 1404(b)). "Public factors encompass the statutory consideration of the interest of justice, focus on judicial economy and often include the district court's familiarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts." *Id.* (internal quotation marks omitted).

Here, the private factors plainly militate against transfer. All the alleged incidents underlying Plaintiff's claims occurred in the Bangor area and most of the material witnesses live or work in the Bangor area. Although Plaintiff contends the cost to the parties would be less if the case is tried in Portland due to the proximity of the parties'

---

[1] There is no evidence of a forum selection clause in this case.

counsel to the courthouse, Plaintiff's principal argument is that one of the public factors—the interests of justice—weighs in favor of transfer.

Plaintiff maintains that transfer is appropriate because the source of the jury pool for cases to be tried in Bangor "lacks sufficient racial diversity to protect [his] rights to an impartial jury free of racial bias." (Motion at 5.) Plaintiff contends that census statistics demonstrate that the standard jury pool for trials in Portland is more racially diverse than the standard jury pool for trials in Bangor. (*Id*. at 3, 5-6.)

Plaintiff does not argue that transfer of the trial is necessary to satisfy the constitutional requirement that the jury must be selected from a fair cross section of the community.[2] Plaintiff contends that because he will rely in part on racial bias to support his claim, the interests of justice support the Court's use of a jury pool that is more likely to include greater racial diversity.

Plaintiff's argument, if endorsed by the Court, would in essence permit a party to secure the transfer of a case or trial based on the demographics of the jury pool without demonstrating that the jury pool does not represent a fair cross-section of the community in accordance with the standard the Supreme Court established in *Duren v. Missouri*, 439 U.S. at 364. The Court, however, does not have to determine whether there are circumstances where such an approach would be appropriate. Even if the Court could

---

[2] As this Court recently noted, "to establish a prima facie violation of the fair cross-section requirement, a [party] must show '(1) that the group alleged to be excluded is a distinctive group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to the systemic exclusion of the group in the jury-selection process.'" *United States v. Muller*, No. 19-cr-00109-NT, 2022 WL 2953073, at *4 (D. Me. July 26, 2022) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979); *United States v. Royal*, 100 F.3d 1019, 1024 (1st Cir. 1996)).

exercise its discretion to transfer a trial for the interests of justice based on the demographics of the jury pool where a party has failed to demonstrate that the pool does not represent a fair cross-section of the community, the Court declines to grant the request in this case. The Court is satisfied that the Court and the parties can identify any potential juror biases through an appropriate jury voir dire process and that the interests of justice do not require transfer. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("*Voir dire* examination serves to protect [the right to a fair trial] by exposing possible biases, both known and unknown, on the part of potential jurors.").

In his motion, Plaintiff requested in the alternative that the Court include jurors from Cumberland County among the jurors summoned for jury selection in Bangor. The Plan for the Random Selection of Grand and Petit Jurors for Service in the District of Maine, adopted by the United States District Court for the District of Maine pursuant to the Jury Selection and Service Act (28 U.S.C. § 1861-1878), and approved by the First Circuit Judicial Council, provides in pertinent part:

> The names of the prospective jurors to serve on grand and petit juries in Bangor shall be selected at random from the merged source list from the counties of Aroostook, Franklin, Hancock, Kennebec, Penobscot, Piscataquis, Somerset, Waldo, and Washington; and shall be maintained in the master wheel for jury service in Bangor.

The Plan does not authorize the Court to deviate from the Plan's requirements. Even if the Plan permitted the Court to exercise its discretion to expand the counties available for selection in Bangor, the Court is not persuaded the selective addition of one specific county to the jury pool for Bangor trials is consistent with the random selection process. The Court, therefore, denies Plaintiff's alternative request.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to relocate the trial or in the alternative to expand the venire to include Cumberland County.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of September, 2022.