UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID AKO-ANNAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00544-JCN |
| | ) | |
| EASTERN MAINE MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE ESTABLSHING ADMISSIBILTY OF PLAINTIFF'S TRIAL EXHIBIT 9**

Plaintiff moves in limine to establish the admissibility of a document prepared by his direct supervisor following a meeting with Plaintiff regarding his employment performance. (Motion, ECF No. 154.) Plaintiff contends the document is admissible under Federal Rule of Evidence 801(d)(2)(D) as a statement "offered against an opposing party and … was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Plaintiff's counsel explained during a pretrial conference that Plaintiff filed the motion in advance of trial because counsel intended to use the document during Plaintiff's opening statement.

Defendant opposes the motion. Defendant maintains that the document is not self-authenticating and for the document to be admissible, Plaintiff must establish through independent evidence the existence and scope of the relationship between the declarant and Defendant. Defendant also challenges the admission of the document because it contains out-of-court statements by individuals other than the author.

Defendant raises arguments that preclude the Court from declaring in advance of the trial that all or a portion of the document is admissible for all purposes. The Court, however, suspects Plaintiff is likely to establish the necessary relationship between the author and Defendant, and that at least a portion of the document (i.e., the portion or portions that does not include statements by other individuals) is likely admissible under Federal Rule of Evidence 801(d)(2)(D). *See Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1081 (6th Cir. 1999) ("Given McCauley's supervisory position, his statement to Morris is not hearsay under Rule 801(d)(2)(D) and is admissible" but "[t]he second level of hearsay, that is, the statement from Morris to Marsee, is more problematic").

The Court, therefore, denies the motion without prejudice to Plaintiff's ability to move for the admission of the document during trial. During the conference before the start of trial on October 24, 2022, the Court will discuss with the parties the portions of the document that Plaintiff intends to use during opening statement. Unless Defendant can demonstrate that Plaintiff is unlikely to establish the necessary relationship between the author and Defendant, the Court expects to authorize Plaintiff to reference at least some portions of the document in opening statement.

SO ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of October, 2022.